UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JEFFERIES & COMPANY, INC.,

Plaintiff,

-against-

PADDOCK HOLDINGS, INC., formerly known as PADDOCK LABORATORIES, INC.,

Defendant.

Case No. 1:11-CV-7938 (KBF)

**DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

TO:     Plaintiffs Jefferies & Company, Inc., and its counsel, Scott S. Balber, Esq. and Michael A. Samalin, Esq., CHADBOURNE & PARKE, LLP, 30 Rockefeller Plaza, New York, New York, 10112.

Defendant Paddock Holdings, Inc. ("Paddock") hereby responds to Plaintiff's First Request for Production of Documents as follows:

## PRELIMINARY STATEMENT

Neither Defendant's agreement to produce, nor its objection to the production of any information or documents, or any category of information or documents, is to be construed as an admission or acknowledgment that any information or documents exist within such category or categories. Nothing in these Responses shall be construed as an admission of the relevancy, materiality, or admissibility as evidence of any Request or Response thereto. Defendant does not waive any of its general or particular objections in the event that it furnishes information or documents coming within the scope of any such objections.

## GENERAL OBJECTIONS

These General Objections apply to each Request and thus, for convenience, they are not repeated after each Request, but rather are hereby incorporated into each Response. The assertion of the same, similar, or additional objections or the provision of partial Responses to the individual Requests does not waive or modify any of Defendant's General Objections.

8714625v1

1.      Defendant generally objects to each Request to the extent that it seeks information that is subject to the attorney-client privilege, work-product immunity, or other privilege on the ground that privileged materials are exempt from discovery.

2.      Defendant generally objects to the extent that these Requests seek information that is beyond the scope of discovery under Rules 26 and 34 of the Federal Rules of Civil Procedure.

3.      Defendant generally objects to these Requests to the extent that they seek information that is not within Plaintiff's custody and control.

4.      Defendant generally objects to these Requests to the extent that they seek discovery of information that is confidential (whether the confidentiality interest resides in a defendant or in any person other than an individual named plaintiff), proprietary, or constitutes trade secrets.

5.      Defendant generally objects to these Requests to the extent that they seek documents available from a more convenient source.

6.      Defendant generally objects to these Requests to the extent that they seek documents that have already been produced.

## DOCUMENTS TO BE PRODUCED

1.      All documents concerning the Agreement, including documents concerning the negotiation, execution, and performance of the Agreement.

**RESPONSE**: Paddock objects to this Request as vague, overly broad and unduly burdensome. Subject to and without waiving these objections and the General Objections, responsive documents will be produced or made available for inspection at a mutually convenient time and place.

2.      All documents concerning the Transaction, including documents concerning the negotiation, execution, and performance of the Transaction.

8714625v1

**RESPONSE**:  Paddock objects to this Request as vague, overly broad and unduly burdensome. Subject to and without waiving these objections and the General Objections, responsive documents will be produced or made available for inspection at a mutually convenient time and place.

3.      All documents concerning the creation and corporate existence of Paddock Holdings, Inc., and Paddock Laboratories, Inc., including without limitation instruments of organization, articles of incorporation or bylaws and corporate filings.

**RESPONSE**:  Paddock objects to this Request as overly broad and seeking information not relevant to the issues raised in the Complaint and thus not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections and the General Objections, responsive documents will be produced at a mutually convenient time and place.

4.      All documents concerning trusts holding ownership interests in Paddock during the calendar years 2009, 2010 and 2011.

**RESPONSE**:  Paddock objects to this Request as overly broad and seeking information not relevant to the issues raised in the Complaint and thus not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections and the General Objections, and after entry of a suitable protective order, responsive documents to the extent they exist will be produced at a mutually convenient time and place

5.      Copies of Paddock's federal and state tax returns for calendar years 2010 and 2011.

**RESPONSE**:  Paddock objects to this Request as overly broad, seeking information not relevant to the issues raised in the Complaint and thus not reasonably calculated to lead to the discovery of admissible evidence, and seeking documents that contain sensitive, proprietary financial information.  Subject to and without waiving these objections and the General Objections, and

8714625v1

after entry of a suitable protective order, responsive documents to the extent they exist will be produced at a mutually convenient time and place.

6.      Copies of Paddock's financial statements, including but not limited to income statements, balance sheets, cash flow statements, retained earnings statements, and shareholder equity statements for calendar years 2010 and 2011.

**RESPONSE**: Paddock objects to this Request as overly broad, unduly burdensome, and seeking information not relevant to the issues raised in the Complaint and thus not reasonably calculated to lead to the discovery of admissible evidence, and seeking documents that contain sensitive, proprietary financial information.  Subject to and without waiving these objections and the General Objections, and after entry of a suitable protective order, responsive documents will be produced at a mutually convenient time and place.

7.      A copy of Paddock's general ledger, in electronic form.

**RESPONSE**: Paddock objects to this Request as overly broad and seeking information not relevant to the issues raised in the Complaint and thus not reasonably calculated to lead to the discovery of admissible evidence.

8.      A copy of all of Paddock's board minutes and resolutions for calendar years 2010 and 2011.

**RESPONSE**: Paddock objects to this Request as overly broad, seeking information not relevant to the issues raised in the Complaint and thus not reasonably calculated to lead to the discovery of admissible evidence, and seeking documents that contain sensitive, proprietary information. Subject to and without waiving these objections and the General Objections, and after entry of a suitable protective order, responsive documents to the extent they exist will be produced at a mutually convenient time and place.

9.      Copies of Paddock's accounting journals, including but not limited to purchase and sale journals, general journals, and receipt and disbursement journals for calendar years 2010 and 2011.

8714625v1

**RESPONSE**: Paddock objects to this Request as overly broad, seeking information not relevant to the issues raised in the Complaint and thus not reasonably calculated to lead to the discovery of admissible evidence, and seeking documents that contain sensitive, proprietary financial information. Subject to and without waiving these objections and the General Objections, and after entry of a suitable protective order, responsive documents to the extent they exist will be produced at a mutually convenient time and place.

10.     Documents sufficient to show Paddock's current and former equity owners, including trusts, and each equity owners' percentage ownership interest.

**RESPONSE**: Subject to and without waiving the General Objections, responsive documents to the extent they exist will be produced at a mutually convenient time and place.

11.     All documents concerning the calculation and payment of any dividend, distribution, or tax exceeding $100,000 by Paddock in calendar years 2009, 2010 and 2011.

**RESPONSE**: Paddock objects to this Request as overly broad and seeking documents that contain sensitive, proprietary financial information. Subject to and without waiving these objections and the General Objections, and after entry of a suitable protective order, responsive documents to the extent they exist will be produced at a mutually convenient time and place.

12.     All documents concerning any cash disbursement greater than $100,000 in calendar years 2010 and 2011.

**RESPONSE**: Paddock objects to this Request as overly broad, unduly burdensome, and seeking documents that contain sensitive, proprietary financial information. Subject to and without waiving these objections and the General Objections, and after entry of a suitable protective order, responsive documents to the extent they exist will be produced at a mutually convenient time and place.

13.     All documents and communications regarding any Michael Graves SAR, incentive payment or bonus.

5

8714625v1

**RESPONSE**:  Paddock objects to this Request as overly broad, unduly burdensome, and seeking documents that contain sensitive, proprietary financial information.  Subject to and without waiving these objections and the General Objections, responsive documents to the extent they exist will be produced at a mutually convenient time and place.

        14.     All documents and communications concerning any Yogesh Dandiker SAR, incentive payment or bonus.

**RESPONSE**:  Paddock objects to this Request as overly broad, unduly burdensome, and seeking documents that contain sensitive, proprietary financial information.  Subject to and without waiving these objections and the General Objections, responsive documents to the extent they exist will be produced at a mutually convenient time and place.

        15.     All documents concerning any calculation of the transaction fee due under the Agreement.

**RESPONSE**:  Paddock objects to this Request as overly broad, unduly burdensome, and seeking documents that contain sensitive, proprietary financial information.  Subject to and without waiving these objections and the General Objections, responsive documents to the extent they exist will be produced at a mutually convenient time and place.

Dated:  March 12, 2012

                                          */s/ Douglas R. Rosenzweig*

Douglas R. Rosenzweig
FRENCH & CASEY, LLP
29 Broadway, 27th Floor
New York, New York 10006
Telephone:  (212) 797-3544

and

David R. Crosby
LEONARD, STREET AND DEINARD
150 South Fifth Street, Suite 2300
Minneapolis, MN  55402
Telephone:  (612) 335-1500

***Attorneys for Defendant Paddock Holdings, Inc.***

8714625v1

7